

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-10-00118-CV

_____

### IN RE:   MICHAEL KENNEDY

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Michael Kennedy filed a petition for writ of mandamus with the Twelfth Court of Appeals. By order of the Texas Supreme Court, that petition has been transferred to this Court for decision.

In his petition, he asks the court to issue an order directing a trial court clerk and a deputy clerk of the Twelfth Court of Appeals to file his notices of appeal and to cease "denying and refusing to file petitions and pleadings" in a civil lawsuit which was evidently appealed to that court.

As best as we can glean from his petition, he believes a series of motions were rejected by the Tyler deputy clerk that he mailed to the court in relation to a specified cause number: another mandamus that he had filed with that court (cause number 12-10-00297-CV). He has attached copies of documents, some of which bear dates of receipt by the Twelfth Court of Appeals, to the present petition. There are three copies of a notice of appeal, a motion stating that other individuals had admitted a crime of which Kennedy was accused, a motion to issue a capias to release him because the judge should not allow him to be incarcerated for sixty-two years, a motion showing he had requested a competence hearing related to some prior plea, and a motion "showing court that Michael Kennedy anger, mad, hateress [sic] and upset and Counsel . . . could get injury around Michael Kennedy," and a "motion objections for trial court to provide Michael Kennedy all court reporter's records in no. 12-10-00297-CR" because he would represent himself at "resentence." Finally, he includes a motion to order a new trial on his conviction.

2

This Court has, by statute, limited mandamus jurisdiction. We have jurisdiction to issue a writ of mandamus against a "judge of a district or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 2004). As we are sitting in the place of the Twelfth Court of Appeals, our jurisdiction in this instance provides us with authority to issue mandamus to a judge of a district or county court within the territorial bounds of the Twelfth Appellate District.

In this instance, no relief has been sought against any individual over whom we have general mandamus authority. Accordingly, we have no jurisdiction to provide the relief requested.

We deny the petition for writ of mandamus.


Jack Carter
Justice

Date Submitted:     November 15, 2010
Date Decided:       November 16, 2010